IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-1776-MEH

U.S. SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

SKIHAWK CAPITAL PARTNERS, LLC,
THE CONVERGENCE GROUP, LLC,
CLEMENT M. BORKOWSKI,
SEAN A. HAWKINS, and
JOSEPH P. SCHIFF,

    Defendants.

## PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c) and 5 U.S.C. § 552a(b)(11), and upon a showing of good cause in support of the entry of a Protective Order to protect the production, discovery, and dissemination of confidential information and/or sensitive data or records, including but not limited information that may be subject to the provisions of the Privacy Act, IT IS HEREBY ORDERED

1.    This Protective Order shall apply to all documents, materials, and/or information produced in the course of discovery by the plaintiff, defendants, or any third parties, including electronic discovery, answers to interrogatories, responses to requests for admission or production, all documents or information produced in response to Fed. R. Civ. P. 45 subpoenas,

all material produced through informal discovery, and all deposition testimony and deposition exhibits.

2.      If the parties, or any third party producing materials in response to a request related to this civil action, disclose a document or information that would otherwise be protected by the Privacy Act of 1974, 5 U.S.C. § 552a, this Protective Order is an order of the Court which allows for such disclosure.

3.      The parties, or any third party producing materials in response to a request related to this civil action, may in good faith designate documents or information as "CONFIDENTIAL." CONFIDENTIAL information includes that which may be protected by statute, regulation, or other authority. CONFIDENTIAL information also encompasses trade secrets, confidential governmental information, proprietary or non-public research and development records, customer, business, commercial, or financial information, or other information protected by the Privacy Act.

4.      The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL." Alternatively, a party may designate material "CONFIDENTIAL" by submitting a letter to all parties specifying the information to be so designated.  One who provides material may designate it as "CONFIDENTIAL" only when such person in good faith believes it contains sensitive personal information, trade secrets or other confidential research, development, or commercial or governmental information which is in fact confidential.  A party shall not routinely designate material as "CONFIDENTIAL," or make such a designation without reasonable inquiry to determine whether it qualifies for such designation.

5.     Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed confidential if they are designated as such when the deposition is taken or within seven business days after receipt of the transcript. Any testimony which describes a document which has been designated as "CONFIDENTIAL," as described above, shall also be deemed to be designated as "CONFIDENTIAL."

6.     Information or documents designated as CONFIDENTIAL under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in paragraph 7 below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

7.     The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as CONFIDENTIAL under this Order to any other person or entity, except that disclosures may be made to:

  a.   Counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit;

  b.   The parties and employees of parties required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

  c.   Authors and persons who were the original addressees or recipients of the confidential document or information;

  d.   Expert witnesses, consultants, or investigators specially employed in connection with this proceeding, to the extent such disclosure is necessary to prepare for or conduct the trial or other proceeding in this case;

3

  e. Personnel providing graphics, design, photocopy, document imaging, document processing, translation, or database services to the parties' counsel;

  f. Witnesses and court reporting personnel during or in preparation for depositions or other testimony;

  g. Any mediator agreed upon by parties, and such mediator's employees and staff;

  h. The Court and necessary Court staff; and

  i. Other persons by prior written agreement of the parties or order of the Court.

8. Prior to disclosing any information designated as CONFIDENTIAL to any person listed in Paragraph 7(d), 7(e), and 7(g) the party shall provide each such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. Except as provided above, counsel for the parties shall keep all documents designated as CONFIDENTIAL which are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

9. Any reproduction, extract, summary, or description of CONFIDENTIAL information shall retain its CONFIDENTIAL designation or be affixed with the word "CONFIDENTIAL" if that word does not already appear.

10. Information designated as CONFIDENTIAL pursuant to this Protective Order, if part of a public filing, shall be filed as a restricted document in accordance with D.C.COLO.LCivR 7.2(d). In accordance with D.C.COLO.LCivR 7.2(d), either

contemporaneously or within 14 days of the filing of the pleading or document, either party may file a motion to restrict access to the pleading or document.

11. The parties will cooperate in good faith to resolve any disputes regarding whether information is properly designated as CONFIDENTIAL pursuant to this Protective Order. The parties may seek judicial intervention in resolving such disputes only if absolutely necessary and only after conferring with the other parties. In particular, a party may object to the designation of CONFIDENTIAL information by giving written notice to the counsel for the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection after cooperating in good faith in an attempt to do so, the parties shall seek resolution of the dispute in accordance with the Court's Practice Standards. In connection with any dispute as to the propriety of a CONFIDENTIAL designation, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL. If the disputed CONFIDENTIAL information is attached as an exhibit to a motion requesting that the Court determine whether the disputed information is appropriately designated as CONFIDENITAL and subject to the terms of this Protective Order, it shall be filed as a restricted document in accordance with D.C.COLO.LCivR 7.2, and retain the mark "CONFIDENTIAL." The disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. The provisions of Federal Rule of Civil Procedure 37(a)(5) apply to such motions.

12. No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by this Order unless the party

claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

13. Within 45 days of the conclusion of the litigation, including any appeals, all material treated as confidential under this Order and not received in evidence shall be destroyed or returned to the originating party, except with respect to: (a) material that becomes a part of the Court record in this matter or any appeal(s); work product of counsel; and (c) documents required to be maintained by the Securities and Exchange Commission's record retention policies.

14. Nothing in this Order shall prevent the Commission from using information obtained prior to or during this litigation in a manner consistent with its rights and obligations under law concerning disclosure of documents, including but not limited to the uses specified in the SEC's Forms 1661 and 1662, nor shall anything in this Order interfere with the Commission's use of information for law enforcement activities, including but not limited to sharing information with other law enforcement agencies, and, for uses outside of this litigation, to otherwise regulate, administer, and enforce the federal securities laws.

15. This Protective Order may be modified by the Court for good cause shown following notice to all parties and an opportunity for them to be heard.

Entered this 1st day of July, 2022, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge